**IN THE COURT OF APPEALS OF IOWA**

No. 14-1612
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID RAMM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith,
Judge.


        David Ramm appeals his sentence following an *Alford* plea to three counts
of willful injury.  **AFFIRMED.**


        John O. Moeller, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney
General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County
Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

David Ramm appeals his sentence following an *Alford* plea to three counts of willful injury causing bodily injury. Ramm argues the district court abused its discretion when sentencing him to a term of incarceration not to exceed five years on each count, to run concurrently, rather than granting probation. He further asserts the court failed to state adequate reasons for imposing a prison sentence. Due to the violent nature of the crime, and the court's consideration of the proper sentencing factors, we conclude it did not abuse its discretion. Consequently, we affirm Ramm's sentence.

On March 17, 2014, Ramm was in a bar and drinking heavily. He went into the bathroom and stabbed three people in the neck with a knife. The attack was unprovoked. The State charged Ramm by trial information with three counts of willful injury causing bodily injury, in violation of Iowa Code section 708.4(2) (2013), and one count of going armed with intent, in violation of Iowa Code section 708.8. At a hearing on August 8, 2014, pursuant to a plea agreement, Ramm entered an *Alford* plea to three counts of willful injury causing bodily injury. The State dismissed the going-armed-with-intent count. The district court then imposed a term of incarceration not to exceed five years on each count, to run concurrently. Ramm appeals, asserting the district court abused its discretion when imposing a term of incarceration rather than granting him probation, and failed to give adequate reasons for its sentencing decision.

We review the district court's sentencing decision for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The record establishes the district court did not abuse its discretion when imposing a term of imprisonment and declining to grant probation. Prior to imposing Ramm's sentence, the court stated:

> One of my jobs as a judge is to ensure that the community is protected, and I understand that you don't recall the incident, but therefore I understand your argument that it wasn't intentional because you don't recall. However, you do—you did intentionally get drunk, and you knew that you had a drinking problem, because you got arrested for OWI and you went through treatment, and therefore those acts, the act of getting drunk was intentional.
>
> And the problem with drinking is that if you're an alcoholic or have an alcohol problem, is that you create victims as a result of your drinking. That's true with every person that has alcohol, whether they have a vehicular homicide problem, criminal problem, or in this case an assault and willful injury, creating three victims. You basically impacted the victims from a life-long standpoint, through no fault of their own.
>
> And the other thing I look at as a judge, is you have to face the consequences of your actions, and one of the ways you do that is accept the fact that you damaged somebody's life for the rest of their life, and whether it is by psychological damage or physical damage, and the consequence for that is, to me, punishment. Not only punishment because of what you've done, but also keeping you out of circulation so you're not going to harm any other victims if you drink again. And it sounds like you haven't done much other than talk to Dr. Milani to address your alcohol problem.
>
> Therefore, based on the facts and circumstances of this case, plus your prior arrest for OWI, the Court finds that incarceration is warranted in this case. And I have looked at all your letters, and it's one of those tragedies that occur in every case where there's overuse of alcohol, creating victims of crimes. I think you have an alcohol problem first, and you don't—you're not a career criminal, I agree with that, but the circumstances of this case are so bad and so egregious that the Court cannot fathom putting you on probation, because I think, again, you have to face the consequences of your actions, and in this case you'll have to face the fact that you are going to be incarcerated.

The court's reasoning also established it considered the proper factors when sentencing Ramm. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (noting at least a cursory explanation is needed for the appellate court to review).

Consequently, we affirm Ramm's sentence pursuant to Iowa Rule of Appellate Procedure 21.26(1)(a), (d), and (e).

**AFFIRMED.**